Reza Sina (SBN 250428)
SINA LAW GROUP
3727 W. Magnolia Blvd, #277
Burbank, California 91505
Telephone: (310) 957-2057
reza@sinalawgroup.com

Attorneys for Plaintiff,
RH2400 INC. dba BESTWAY RENT A CAR

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RH2400 INC. dba BESTWAY RENT A CAR,<br><br>Plaintiff,<br><br>vs.<br><br>IZMO DIGITAL, INC. dba IZMOSTOCK and dba IZMOCARS; IZMO, INC. dba IZMOCARS; DOES 1-10, INCLUSIVE,<br><br>Defendants. | **CASE NO.: 2:26-cv-9518**<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>Complaint Filed:<br>Trial Date: None Set |

Plaintiff RH2400 INC. dba BESTWAY RENT A CAR ("Plaintiff" or "Best Way"), based on information and belief, states as follows for this complaint:

## NATURE OF THE ACTION

1. This declaratory action arises from Defendants' misuse of copyright laws and registration to extort money. Alleging ownership of over twenty-nine thumbnail-sized stock photographs of ordinary passenger vehicles, Defendants accuse Best Way of willful copyright infringement and threaten to pursue statutory damages of up to $150,000 per claimed infringement — all directed at a small, independently operated rental-car business.

2. A real, immediate, and substantial controversy exists because Defendants have sent Best Way a series of written notices accusing it of infringing twenty-nine (29) images, asserting forty-nine (49) alleged "infringements," and threatening to file suit in federal court unless Best Way pays Defendants $87,000 — later "discounted" to $78,300 payable in three monthly installments of $26,100.

3. Defendants' demand of $3,000 per image bears no relationship to any damages Defendants could recover. The images at issue appeared on Best Way's website as small, low-resolution thumbnail icons used to identify general categories of rental vehicles — "Regular," "Luxury," "Sports Cars," "SUVs," "Cargo Vans," "Moving Trucks," "P.U. Trucks," and "Passenger Vans." Best Way never sold, licensed, sublicensed, or distributed any image; it charged no one to view any image; it derived no revenue attributable to any image; and it removed every challenged image promptly after Defendants raised the issue.

4. Plaintiff denies any infringement, denies any willfulness, disputes Defendants' asserted ownership and the validity, scope, and applicability of the registrations Defendants invoke, disputes the existence of any actionable copying, disputes that Defendants are entitled to statutory damages or attorneys' fees at all, and disputes Defendants' per-image damages arithmetic.

5. Plaintiff is informed and believes and thereon alleges that Defendants have issued substantially identical demand packages to numerous other small

businesses across the United States, each following the same template: an automated sweep of a small business's website, a form cease-and-desist letter, a spreadsheet of claimed "infringements," a flat per-image "settlement" figure untethered to any market license rate, a ten-business-day deadline, and threats of $150,000 per infringement and personal liability. The object of that practice is not compensation but the extraction of payments that are cheaper than the cost of defending a federal copyright action.

6. Plaintiff seeks a judicial declaration confirming its rights under federal law, and seeks that declaration before Defendants carry out their threat to file suit.

## PARTIES

7. Plaintiff RH2400, Inc. is a California corporation doing business as Bestway Rent A Car. Plaintiff operates a small, independently operated vehicle rental and sales business serving Burbank, Pasadena, and Santa Clarita, California, with an address of 24080 Creekside Road, Santa Clarita, California 91355, and a location at 1025 South San Fernando Boulevard, Burbank, California 91502. Defendants have addressed their demands to Plaintiff as "Best Way Rent A Car."

8. Plaintiff was incorporated in November 2017 and began operations as Bestway Rent A Car in January 2018.

9. Plaintiff is informed and believes and thereon alleges that Defendant izmo Digital, Inc. is a corporation with its principal place of business and headquarters at 251 Post Street, Suite 302, San Francisco, California 94108. izmo Digital, Inc. holds itself out as "izmo Digital, Inc. dba izmostock," corresponds from the electronic mail address legal@izmocars.com, and, Plaintiff is informed and believes, also does business as "izmocars." izmo Digital, Inc. claims ownership of various automotive stock images.

10. Plaintiff is informed and believes and thereon alleges that Defendant izmo, Inc. is a Delaware corporation with its principal place of business and headquarters in San Francisco, California, that it does business as "izmocars," and that

it likewise claims ownership of various automotive stock images. Plaintiff is informed and believes and thereon alleges that izmo Digital, Inc. and izmo, Inc. are affiliated entities that hold themselves out interchangeably under the "izmo," "izmocars," and "izmostock" names, share the same office, personnel, and legal department, and assert the same claimed image portfolio. Plaintiff is further informed and believes and thereon alleges that izmo, Inc. and izmo Digital, Inc. operate as agents, alter egos, and instrumentalities of one another with respect to the assertion and enforcement of the image portfolio at issue, that izmo, Inc. has itself asserted the same portfolio against other California businesses using the same demand template, and that each acts with the knowledge, consent, and ratification of the other. Both are named so that the declaratory judgment sought here affords Plaintiff complete relief and is not evaded by successive demands from an affiliated entity.

11. Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that each participated in the accusations, demands, and threats described herein. Each reference in this complaint to "defendants," "Defendant," or a specifically named defendant refers also to all Defendants sued under fictitious names.

12. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOE took part in and participated with Defendants in all matters referred to herein and in the accusations, demands, and threats directed at Plaintiff.

13. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent, servant and/or employee or

occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, and approved the acts of his agents, employees, and representatives, and that each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in this Complaint.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the federal Copyright Act, 17 U.S.C. § 101 et seq. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, supplies the remedy Plaintiff seeks, and an actual controversy exists between the parties within the meaning of that Act.

15. This Court has personal jurisdiction over Defendants because Defendants maintain their principal places of business in California, transact substantial business in California, and directed the accusations, demands, and threats of litigation at issue into this judicial district.

16. Venue is proper within this judicial district under 28 U.S.C. § 1391(b)(1), (c)(2), and (d), because Defendants are corporations that reside in the State of California and their contacts with this district — including their solicitation of and transaction of business with customers here, and their transmission of the accusations, demands, and threats at issue into this district — would be sufficient to subject them to personal jurisdiction here if this district were a separate State. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here: the business, website, and alleged uses that are the subject of Defendants' accusations are located in and directed from Los Angeles County, California, and Defendants transmitted their cease-and-desist letter, their notices, and their settlement demands into this district, including by delivering a

demand letter by FedEx to Plaintiff's Burbank, California location. Venue is also proper because Defendants transact business with consumers who reside in Los Angeles County and the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

### *Plaintiff's Small Rental-Car Business and the Thumbnail Images*

17. Best Way is a small, independently operated business that rents and sells used passenger vehicles, vans, and light trucks in the Burbank, Pasadena, and Santa Clarita areas of Los Angeles County.

18. Best Way maintains a website at www.bestwayrentacar.com and a Facebook page at www.facebook.com/bestwayrentacar for the limited purpose of informing local customers what categories of vehicles are available to rent.

19. On the website, each vehicle category was identified by a small thumbnail image displayed adjacent to a text label such as "Regular," "Luxury," "Sports Cars," "SUVs," "Cargo Vans," "Moving Trucks," "P.U. Trucks," and "Passenger Vans." The images were displayed at small size and low resolution, became visibly pixelated when enlarged, and were never displayed or offered as full-quality professional photographs.

20. The images served a purely functional, identifying purpose. They told a prospective renter what kind of vehicle a category contained. They were not the product Best Way sold, they were not the reason any customer rented a vehicle, and no customer was charged anything to view them.

21. Best Way did not sell, license, sublicense, syndicate, or distribute any of the images; did not offer any of the images as photographic products; did not compete with Defendants in the licensing of stock photography; and received no revenue directly or indirectly attributable to any particular image.

22. The images that appeared on Best Way's Facebook page were posted a single time and were not repeatedly reposted, separately distributed, sold, sublicensed, or offered as photographic products.

23. Plaintiff is informed and believes and thereon alleges that the images were obtained from freely accessible internet sources and third-party vehicle-data and vehicle-listing feeds, on which they appeared without any copyright notice, watermark, credit line, attribution, or terms restricting their use, and without any indication that Defendants claimed to own them.

24. Best Way did not remove, alter, or obscure any copyright notice, watermark, attribution, or other identifying information from any image.

25. Best Way had no intent to infringe any copyright, to exploit anyone's photography, or to compete with Defendants' photography or licensing business.

26. Promptly after Defendants raised their claim, Best Way removed the challenged images from public display. The images identified in Defendants' demand are no longer publicly displayed by Best Way.

***Defendants' Demands and Threats***

27. Defendants' correspondence asserts that Defendants sent Best Way a prior communication dated June 9, 2026. No communication dated June 9, 2026 was ever sent to or received by Best Way. Defendants' first communication to Best Way was the cease-and-desist letter dated June 11, 2026 described below. Defendants nonetheless faulted Best Way for failing to respond to a letter that does not exist.

28. On June 11, 2026, Defendants sent Best Way a "Cease and Desist Letter" signed by "Chris Daniels" on behalf of izmo Digital, Inc., accusing Best Way of:

a. unlicensed use of twenty-nine (29) photographic images identified on Exhibit A to that letter;

b. forty-nine (49) alleged "infringements" across Best Way's website and social media page;

c. "willful" infringement, stating that continued use "will be considered willful infringement and treated accordingly"; and

d. conduct entitling Defendants to injunctive relief, destruction of the alleged infringing works, actual damages including all profits, or an election of statutory damages "of up to $150,000 per infringement," together with all costs and attorneys' fees.

29. The June 11, 2026 letter further demanded that Best Way provide an accounting of all uses of the images in all media and all formats, including uses by subsidiaries, related entities, and licensees, and that Best Way identify all parties involved in the creation of any works using the images.

30. Exhibit B to the June 11, 2026 letter, titled "izmo Settlement Demand," demanded a "Total Settlement Amount" of $87,000.00, calculated as twenty-nine images multiplied by a flat "Cost per Image" of $3,000.00, and directed that payment be wired to Defendants' bank account.

31. On July 14, 2026, Defendants sent a further letter, styled a "second notice and follow-up" to the June 11, 2026 cease-and-desist letter. Defendants addressed that letter not to the Santa Clarita address they had used before, but to Plaintiff's Burbank location at 1025 South San Fernando Boulevard, Burbank, California 91502, and delivered it by FedEx. The letter was signed by Defendants' "License Compliance Team," asserted that Defendants had received no response, repeated the demand for "a one-time settlement fee of $87,000 USD" for the twenty-nine images, and stated that if Defendants did not hear from Best Way within ten business days they "shall turn this matter over to our attorney to pursue our legal options."

32. On July 16, 2026, Defendants sent a further "second notice" by electronic mail, addressed to Best Way's general information address and copied to Plaintiff's principal personally and to two individual Best Way employees, attaching both the June 11 and July 14, 2026 letters and repeating the demand for payment. That email stated that "[d]espite our previous communication dated June 09, 2026, we have not received a response," referring to a communication that was never sent, and warned

that should Best Way fail to respond, Defendants "will have no option but to seek judicial intervention in the Federal Courts," where they would seek "damages for wilful infringement, attorney's fees, and costs."

33. On or about July 28, 2026, Best Way responded in writing, expressly without admitting infringement, ownership, damages, or liability, and solely for purposes of settlement discussion. Best Way explained that the website images were small, low-resolution thumbnails used only to illustrate general rental-vehicle categories, that they became visibly pixelated when enlarged, that the Facebook images had been posted only once, that the images were never sold, sublicensed, separately distributed, or offered as photographic products, that Best Way received no revenue directly attributable to any particular image, that there was no intent to infringe, and that the images had already been removed from public display. Best Way asked Defendants to withdraw the monetary demand and close the matter.

34. On August 11, 2026, Defendants refused. Writing through "Shereen Abdin, Associate Legal Counsel" of "izmo Digital, Inc. dba izmostock," Defendants stated that removal of the images "is a corrective measure and does not negate the unauthorized use that had already occurred or absolve Best Way Rent A Car of liability," and that the manner, purpose, and quality of the use, the absence of direct revenue, and the absence of intent to infringe "does not, by itself, eliminate liability."

35. In the same August 11, 2026 communication, Defendants offered a "one-time 10% reduction" from the $87,000 demand, reducing it to $78,300, payable in three equal monthly installments of $26,100, and stated that in the absence of "a substantive response and timely acceptance, izmo reserves all rights to pursue the remedies available under applicable U.S. Copyright Law, without further notice."

36. Defendants' threat of suit is therefore immediate and unconditional: Defendants have stated that they will proceed "without further notice."

***Threats of Individual Liability Against Plaintiff***

37. Defendants' June 11, 2026 letter purported to assert individual liability, stating: "The Copyright Infringement individual liability for all those associated with the infringement as well as for corporate liability." (sic)

38. Defendants directed their demands not only to "Best Way Rent A Car, Attn: Legal Department" at two different business addresses, but also to Plaintiff's principal personally by name and electronic mail address, and to two individual employees of Best Way.

39. Although Plaintiff is a corporation, Defendants assert individual liability in order to place the personal assets of Plaintiff's individual owner directly at risk for the full amount demanded.

40. These threats create a substantial and immediate controversy requiring judicial resolution.

***Defendants' Demand Is Untethered to Any Recoverable Remedy***

41. Defendants' $3,000-per-image figure is a number of Defendants' own creation. Defendants have identified no license Best Way could have purchased at that price, no market rate supporting it, no lost sale, no diminution in the value of any image, and no revenue of Best Way attributable to any image.

42. Defendants' own Exhibit A attributes the twenty-nine images to only twenty (20) distinct U.S. Copyright Office registration numbers. Registration No. VA0002177914 is asserted to cover four of the listed images; Registration No. VA0002177962 is asserted to cover three; and Registration Nos. VA0002234266, VA0002146384, VA0002103209, and VA0002240334 are each asserted to cover two.

43. Under 17 U.S.C. § 504(c)(1), any award of statutory damages is made per work infringed, not per infringing act. Defendants' count of forty-nine "infringements" across a website and a social media page therefore cannot multiply any statutory award: the number of separate displays, pages, or platforms is irrelevant to the number

of works. In the alternative, and to the extent any of the works Defendants assert were registered as parts of a compilation, "all the parts of a compilation or derivative work constitute one work" for purposes of § 504(c)(1), and Defendants' maximum statutory exposure is correspondingly smaller still.

44. Plaintiff is informed and believes and thereon alleges that the photographs identified on Exhibit A were first published years before the registrations Defendants assert. The images depict passenger vehicles of model years 2007 through 2017, and were created and first published in or about those model years, whereas the registration numbers asserted were, Plaintiff is informed and believes, issued substantially later.

45. Plaintiff is informed and believes and thereon alleges that the images identified on Exhibit A were placed on the website located at www.bestwayrentacar.com before January 2018 — that is, before Plaintiff began operating the business and the website — and that they remained on the website Plaintiff inherited. Any alleged infringement arising from the website therefore commenced before January 2018, and was not commenced by Plaintiff.

46. Plaintiff is informed and believes and thereon alleges that each of the twenty registrations identified on Exhibit A has an effective date of registration later than January 2018, and that none of the photographs identified on Exhibit A was registered within three months after its first publication.

47. Under 17 U.S.C. § 412, no award of statutory damages or of attorneys' fees may be made for any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless registration is made within three months after the first publication of the work. Where the alleged infringement commenced before registration, that bar applies to the entire course of the alleged infringement, including any continued display after the effective date of registration. Defendants' threatened remedies of statutory damages and attorneys' fees

— the remedies on which their entire monetary demand depends — are therefore unavailable to them.

48. Under 17 U.S.C. § 507(b), no civil action may be maintained for any claim accruing more than three years before the action is commenced. Plaintiff is informed and believes and thereon alleges that a substantial portion of the uses Defendants complain of — if they occurred at all — occurred more than three years before the commencement of any action by Defendants, including uses that began before January 2018 and uses of images depicting model year 2007 through 2012 vehicles, and that no damages are recoverable for any act of alleged infringement occurring outside that three-year window.

49. Defendants' threatened remedies of injunctive relief and destruction of materials are likewise unavailable or unwarranted, because Best Way removed the challenged images from public display promptly upon notice and there is no threat of continuing or resumed use.

50. Stripped of statutory damages, attorneys' fees, injunctive relief, and time-barred claims, Defendants' claim is worth a fraction of the $87,000 and $78,300 they have demanded. Defendants' demands are calibrated not to Defendants' recovery but to the cost of a federal defense.

***Copyright Misuse***

51. Plaintiff is informed and believes and thereon alleges that Defendants operate a systematic enforcement program in which they use automated tools to scan the websites and social media pages of small businesses, compile spreadsheets of purported "infringements," and issue form demand packages consisting of a cease-and-desist letter, an exhibit of image names and registration numbers, and a settlement demand set at a flat per-image rate that bears no relation to any license Defendants actually sell.

52. Plaintiff is informed and believes and thereon alleges that these demand

packages are uniformly accompanied by a short payment deadline, an offer of a "one-time discount" that expires within ten business days, a recitation of statutory damages of "up to $150,000 per infringement," and an assertion of individual liability against the owners of the targeted business, notwithstanding that Defendants know or should know that § 412 forecloses statutory damages and attorneys' fees where registration postdates the commencement of the alleged infringement.

53. Plaintiff is informed and believes and thereon alleges that Defendants have made substantially identical demands against other small businesses. In or about July 2025, izmo, Inc. accused another Los Angeles County business of 109 image uses and 126 "infringements" and demanded $163,500 — a rate of $1,500 per image, one-half the $3,000 per image demanded of Best Way. The per-image figure is not a license rate; it is set by what Defendants estimate a particular target can be pressured into paying.

54. Defendants' enforcement program is careless as well as coercive. Defendants faulted Best Way for failing to answer a June 9, 2026 communication that Defendants never sent; sent successive "second notices" two days apart, one by FedEx to Plaintiff's Burbank location and one by electronic mail to a general information address; and demanded payment for twenty-nine images identified by an automated sweep of Plaintiff's website rather than by any examination of what Plaintiff had actually done, or when, or by whom.

55. Defendants' demands also reach conduct and information beyond anything the Copyright Act entitles them to control. The June 11, 2026 letter demanded that Best Way account for all uses of the images "in all media and all formats," including uses "by subsidiaries, related entities, or licensees," and identify "all parties involved in the creation of any works using any of the Images," and conditioned any release on cessation of use by Best Way's "owners, directors, employees, agents, clients, and/or licensees" in "any and all media." Defendants

further demanded that Best Way cease any use of "any other photographic work owned by izmo" — works Defendants have never identified, registered to Plaintiff's knowledge, or shown they own.

56. The use of a copyright to extract payments untethered to any recoverable damages, by threatening remedies the copyright holder is not entitled to recover and liabilities the law does not impose, extends the copyright monopoly beyond the limits of the statutory grant and constitutes copyright misuse. That misuse renders the asserted copyrights unenforceable against Plaintiff for so long as the misuse continues.

***Plaintiff's Position***

57. Plaintiff denies infringing any copyrighted work owned by Defendants.

58. Any image that may have appeared on Best Way's website or social media page was:

a. obtained from and displayed in reliance upon freely accessible third-party sources and vehicle-data feeds bearing no notice of Defendants' claimed ownership;

b. licensed or impliedly licensed;

c. used in reliance on the representations, conduct, and unrestricted publication of third parties;

d. used incidentally, and solely for a functional, identifying purpose;

e. used in a manner constituting fair use under 17 U.S.C. § 107; and

f. used without any intent to infringe and, at most, innocently within the meaning of 17 U.S.C. § 504(c)(2).

59. Plaintiff seeks judicial resolution of this controversy now, before Defendants execute the threat they have reserved the right to carry out "without further notice," and before Plaintiff is forced to choose between paying a sum untethered to any recoverable damages and bearing the cost of defending a federal copyright action.

**FIRST CAUSE OF ACTION**

**DECLARATORY JUDGMENT (28 U.S.C. §§ 2201-2202)**

**Non-Infringement and Non-Liability**

**(Against All Defendants)**

60. Plaintiff incorporates by reference all previous and subsequent paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

61. Defendants contend that Best Way infringed twenty-nine copyrighted works and committed forty-nine infringements, that the infringement was willful, and that Plaintiff is individually liable.

62. Plaintiff denies each of those contentions.

63. An actual, immediate, and justiciable controversy exists between Plaintiff and Defendants concerning Plaintiff's liability, if any, under the Copyright Act. Defendants have repeatedly threatened to file a federal infringement action and have reserved the right to do so without further notice.

64. Plaintiff seeks the following declarations, adjudications and determinations:

a. A declaration that Plaintiff did not infringe any work identified on Exhibit A to Defendants' June 11, 2026 letter or any other work owned by Defendants.

b. A declaration that Plaintiff did not commit willful infringement.

c. A declaration that Plaintiff is not liable, individually or in any other capacity, for the conduct alleged by Defendants.

d. A declaration that Defendants do not own valid, enforceable copyrights in the works asserted, or that the registrations asserted do not cover the images as claimed.

e. A declaration that Plaintiff is not liable for any posting or display of the images made before January 2018, which was not made by Plaintiff.

f. A declaration that any alleged use was licensed or impliedly licensed, or was authorized by the conduct and unrestricted publication of Defendants and third parties.

g. A declaration that any alleged use constitutes fair use under 17 U.S.C. § 107.

h. A declaration that Defendants are barred by the doctrines of estoppel, waiver, and acquiescence.

i. A declaration that no relief may be awarded for any act of alleged infringement accruing more than three years before the commencement of any action, under 17 U.S.C. § 507(b).

j. Attorneys' fees and costs as authorized by law, including under 17 U.S.C. § 505.

k. Such other declarations according to proof.

65. A declaration from the Court is necessary and appropriate to adjudicate the rights of each party as they relate to Defendants' allegations of infringement.

**SECOND CAUSE OF ACTION**

**DECLARATORY JUDGMENT (28 U.S.C. §§ 2201-2202)**

**Unavailability and Limitation of Remedies**

**(Against All Defendants)**

66. Plaintiff incorporates by reference all previous and subsequent paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

67. Defendants contend that they are entitled to elect statutory damages of up to $150,000 per infringement across forty-nine claimed infringements, to recover actual damages and all profits, to recover their attorneys' fees and costs, to injunctive

relief, and to destruction of materials, and on that basis have demanded $87,000 and then $78,300.

68. Plaintiff disputes each of those contentions, and a separate actual controversy exists as to the remedies available to Defendants even if any liability were established.

69. Plaintiff seeks the following declarations, adjudications and determinations:

a. A declaration that Defendants are not entitled to any award of statutory damages or attorneys' fees under 17 U.S.C. § 412, because any alleged infringement commenced before January 2018 and therefore after first publication of the works and before the effective date of their registration, and registration was not made within three months after first publication.

b. A declaration that, under 17 U.S.C. § 504(c)(1), any statutory damages award is limited to one award per work infringed rather than per infringing act, and that Defendants' count of forty-nine "infringements" does not increase the number of awards available; and, in the alternative, to the extent any works asserted were registered as parts of a compilation, that all parts of that compilation constitute one work.

c. A declaration that statutory damages may not be multiplied by the number of alleged infringing acts, web pages, platforms, or displays.

d. A declaration that Defendants have sustained no actual damages and that Plaintiff realized no profits attributable to any alleged infringement within the meaning of 17 U.S.C. § 504(b).

e. A declaration that any alleged infringement was innocent within the meaning of 17 U.S.C. § 504(c)(2) and that any statutory award must be reduced accordingly.

f. A declaration that Defendants are not entitled to injunctive relief or to destruction of materials, because the challenged images were removed from public display promptly upon notice and there is no threat of continuing or resumed use.

g. A declaration that Defendants are not entitled to an accounting of Plaintiff's uses or to the identification of third parties as demanded in their June 11, 2026 letter.

h. Attorneys' fees and costs as authorized by law, including under 17 U.S.C. § 505.

i. Such other declarations according to proof.

70. A declaration from the Court is necessary and appropriate because Defendants' monetary demands rest entirely on remedies to which Plaintiff contends Defendants are not entitled as a matter of law, and because the threat of those remedies is the instrument by which Defendants seek payment.

**THIRD CAUSE OF ACTION**

**DECLARATORY JUDGMENT (28 U.S.C. §§ 2201-2202)**

**Unenforceability — Copyright Misuse**

**(Against All Defendants)**

71. Plaintiff incorporates by reference all previous and subsequent paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

72. Plaintiff is informed and believes and thereon alleges that Defendants have used, and continue to use, their claimed copyrights not to protect any market for their photographs but to operate a program of mass demands against small businesses, in which the price demanded is set by what a target can be frightened into paying rather

than by any recoverable damages.

73. Plaintiff is informed and believes and thereon alleges that Defendants' demands misstate the remedies available to them, including by asserting entitlement to statutory damages of up to $150,000 per infringement and to attorneys' fees where 17 U.S.C. § 412 forecloses both, and by asserting individual liability against business owners without regard to whether any basis for individual liability exists.

74. Such conduct seeks to secure for Defendants a benefit beyond the scope of the limited monopoly granted by the Copyright Act and is contrary to the public policy underlying that grant.

75. Plaintiff is informed and believes and thereon alleges that Defendants have used their claimed copyrights to demand control over matters outside the scope of the copyright grant, including a global accounting of Plaintiff's activities, the identification of unrelated third parties, restrictions on the conduct of Plaintiff's employees, agents, and customers, and the cessation of any use of unidentified works Defendants have not shown they own or registered.

76. An actual controversy exists as to whether Defendants may enforce the asserted copyrights against Plaintiff at all. Copyright misuse renders a copyright unenforceable for so long as the misuse continues, and Plaintiff seeks a declaration of unenforceability on that basis.

77. Plaintiff seeks the following declarations, adjudications and determinations:

a. A declaration that Defendants have misused the copyrights asserted against Plaintiff by seeking to extend them beyond the scope of the statutory grant.

b. A declaration that Defendants are barred from enforcing the asserted copyrights against Plaintiff by reason of that misuse.

c. A declaration that Defendants' asserted copyrights are unenforceable against Plaintiff for so long as the misuse continues.

d. Attorneys' fees and costs as authorized by law, including under 17 U.S.C. § 505.

e. Such other declarations according to proof.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. For a judicial determination, order and judgment that Plaintiff did not infringe any work identified on Exhibit A to Defendants' June 11, 2026 letter or any other work owned by Defendants.

2. For a judicial determination, order and judgment that Plaintiff did not commit willful infringement.

3. For a judicial determination, order and judgment that Plaintiff is not liable, individually or in any other capacity, for the conduct alleged by Defendants.

4. For a judicial determination, order and judgment that Defendants do not own valid, enforceable copyrights in the works asserted, or that the registrations asserted do not cover the images as claimed.

5. For a judicial determination, order and judgment that Plaintiff is not liable for any posting or display of the images made before January 2018, which was not made by Plaintiff.

6. For a judicial determination, order and judgment that any alleged use was licensed or impliedly licensed.

7. For a judicial determination, order and judgment that any alleged use constitutes fair use under 17 U.S.C. § 107.

8. For a judicial determination, order and judgment that Defendants are

barred by the doctrines of estoppel, waiver, and acquiescence.

9. For a judicial determination, order and judgment that no relief may be awarded for any act of alleged infringement accruing more than three years before the commencement of any action, under 17 U.S.C. § 507(b).

10. For a judicial determination, order and judgment that Defendants are not entitled to statutory damages or attorneys' fees under 17 U.S.C. § 412.

11. For a judicial determination, order and judgment that any statutory damages are limited to one award per work infringed under 17 U.S.C. § 504(c)(1) and may not be multiplied by the number of alleged infringing acts, displays, pages, or platforms.

12. For a judicial determination, order and judgment that Defendants have sustained no actual damages and that Plaintiff realized no attributable profits under 17 U.S.C. § 504(b).

13. For a judicial determination, order and judgment that any alleged infringement was innocent within the meaning of 17 U.S.C. § 504(c)(2).

14. For a judicial determination, order and judgment that Defendants are not entitled to injunctive relief or destruction of materials.

15. For a judicial determination, order and judgment that Defendants are not entitled to the accounting or to the identification of third parties demanded in their June 11, 2026 letter.

16. For a judicial determination, order and judgment that Defendants have misused the asserted copyrights and are barred from enforcing them against Plaintiff.

17. Award of attorneys' fees and costs as authorized by law, including under 17 U.S.C. § 505.

18. For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action.

Dated: August 25, 2026

SINA LAW GROUP

By: /s/ Reza Sina
REZA SINA
Attorneys for Plaintiff